```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK                          For Online Publication Only
-----------------------------------------------------------X
110 Voice Road, LLC,
                                                          3/4/2020 4:53 pm
                    Plaintiff,

        -against-                                         ORDER
                                                          19-CV-2067 (JMA)(ARL)
QUINCY COMPRESSOR LLC,
as successor-in-interest to Scales Industrial
Technologies, Inc.,

                    Defendant.
-----------------------------------------------------------X
```

**AZRACK, United States District Judge:**

Currently pending before the Court is Plaintiff's unopposed motion to remand and Plaintiff's accompanying request for attorney's fees, which Defendant has opposed. For the reasons stated below, the Court remands this action back to state court and denies Plaintiff's application for attorney's fees.

This action was originally filed in New York Supreme Court. On April 9, 2019, Defendant removed this action to federal court. On May 6, 2019, Plaintiff filed a pre-motion conference letter seeking to remand this action back to state court based on certain provisions in the lease agreement at issue in this action. On May 13, 2019, Defendant filed a letter in response, opposing remand. On May 16, 2019, the Court held a pre-motion conference. At the pre-motion conference, the Court informed the parties that this was a "very strong motion" and that the Court was inclined to construe the parties' pre-motion conference letters as the briefs on the motion and to rely solely on those papers. Defendant, however, insisted on briefing the motion. The Court then set a briefing schedule that required Plaintiff to serve its moving papers by June 7, 2019.

On May 30, 2019, Defendant filed a letter consenting to remand. However, the letter also indicated that, while Plaintiff consented to remand, "the parties remain in disagreement regarding

1

Plaintiff's fee application and Plaintiff is expected to pursue that application in accordance with the briefing schedule." The parties then served their motion papers in accordance with the previously-set briefing schedule, and Plaintiff filed the fully briefed motion on June 28, 2019.

Because Defendant has consented to remand, Plaintiff's motion to remand this action back to state court is granted.

As to the outstanding fees issue, Plaintiff asserts, in its motion papers, that Defendant removed this action without an objectively reasonably basis to do so and seeks $13,805 in fees, including fees for 5.1 hours that Plaintiff's counsel billed in June 2019 working on the motion papers. (Decl. of Jason Blasberg ¶¶ 21–22, ECF No. 13.) Plaintiff does not seek any fees in connection with the reply papers that its counsel prepared for this motion. Billing records submitted by Plaintiff indicate that its attorneys billed only 2.8 attorney hours on this case between May 17, 2019 (the day after the pre-motion conference) and May 30, 2019 (the day Defendant filed its letter consenting to remand). (See Blasberg Decl., Ex. 7.)

"An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005).

As expressed at the pre-motion conference, the Court believed that Plaintiff had the better argument on the propriety of removal. Nevertheless, Defendant's position was still objectively reasonable. Plaintiff relies on two district court decisions with similar contractual provisions to support its position. See Lancer Ins. Co. v. MKBS, LLC, No. 08-CV-03724, 2008 WL 5411090,

at *4 (E.D.N.Y. Dec. 22, 2008); Koninklijke Philips Elecs. v. Digital Works, Inc., 358 F. Supp. 2d 328, 335 (S.D.N.Y. 2005).  Notably, however, neither of these decisions awarded fees against the removing defendant.  Moreover, one district court in this Circuit has denied a motion to remand involving similar contractual language that waived challenges to venue.  See Wexler v. Allegion (UK) Ltd., No. 16-CV-2252, 2016 WL 6662267, at *2 (S.D.N.Y. Nov. 9, 2016) (holding that contractual provision that "WAIVES ANY VENUE OR INCONVENIENT FORUM DEFENSE TO ANY PROCEEDING MAINTAINED IN SUCH COURTS" did not waive the defendants' right to remove action to federal court).

Plaintiff also points out, in passing, other alleged deficiencies and flaws in Defendant's notice of removal, which Plaintiff contends justify awarding fees here.  None of these arguments show that removal was objectively unreasonable.

As Defendant's position was objectively reasonable and there are no unusual circumstances here that otherwise warrant an award of fees to Plaintiff, Plaintiff's application for attorney's fees is denied.

Accordingly, the Court remands this action back to the Supreme Court of the State of New York, County of Nassau.  Plaintiff's application for attorney's fees is denied.  The Clerk of the Court is directed to:  (1) mail a certified copy of this order to the clerk of the Supreme Court of the State of New York, County of Nassau, pursuant to 42 U.S.C. § 1447(c); and (2) close this case.

**SO ORDERED.**

Dated: March 4, 2020
Central Islip, New York

_____/s/ (JMA)_____
Joan M. Azrack
United States District Judge